## THE UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:05CR579-03 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DERRICK N. MCKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Motion by Defendant Derrick N. McKinney for Findings of Fact and Conclusions of Law.  (Doc. #156)  This motion pertains to previously entered marginal denials on Defendant's 60(b) motions.  (Docs. #154 & 155)  The Government filed a response to Defendant's first motion but did not file a response to the second Rule 60(b) motion.[1]  Defendant now wants findings of fact and conclusions of law explaining this Court's ruling on his prior motions.

In the first Rule 60(b) motion, Defendant claims that he should be re-sentenced because the loss figure "adopted by the [C]ourt at sentencing was erroneous and [Defendant] was sentenced based upon this erroneous loss amount."  Doc. #154, p. 2.  In the marginal denial of Defendant's motion, the Court stated that the motion was being "denied for the reasons stated in the Government's response."  Doc. #156.  In that response, the Government argued that the plea agreement voluntarily entered into by Defendant, stipulated a guideline computation that applied a loss amount of $1 million. Upon review of the presentence investigation report, the Court notes that it too, relied on

---

[1] This Court put up the marginal denial of Defendant's second Rule 60(b) motion prior to the time allotted for the Government to respond to that motion.

a loss amount of $1 million.  The Court sees no purpose in further articulating its reasoning.

In the second Rule 60(b) motion, Defendant urges this Court to vacate his conviction based on the statute of limitations provided in the Ohio Revised Code. However, Defendant was charged under federal statutes and not Ohio statutes. Therefore, the statute of limitations set forth in the Ohio Revised Code is not applicable. Defendant does not argue in his motion that the indictments were not within the statute of limitations under the United States Code.  Defendant's motion lacks merit.  The Court sees no purpose in further articulating its reasoning for marginally denying Defendant's second Rule 60(b) motion.


So ordered.


 s/John R. Adams
John R. Adams
U.S. District Judge